Antonio Monroig Obrador, Plaintiff and Appellee, v. Agustina Monroig Obrador, Defendant and Appellant.

No. 7364. Argued January 14, 1938.—Decided July 13, 1938.

R. Cuevas Zequeira for appellant. V. M. Sánchez Fernández for appellee.

Mr. Justice Wolf delivered the opinion of the court.

On the 18th of October 1931, Josefa C. Widow of Monroig made a promissory note to the order of her son, Antonio Monroig in the sum of $9,772.93. Josefa C. Widow of Monroig died on the 12th of April, 1932, and left as her universal heirs Antonio, Agustina and Valentín Monroig and José A. López Monroig, the last named as representative of his mother, Juana Monroig. They were all declared heirs by the District Court of San Juan. According to the appellee he made demands of his sister that she should pay him her due share of the $9,772.93, amounting to $2,443.23 and that she refused to pay this sum. After a demurrer was overruled the facts of the complaint were admitted by the answer with the exception that it denied that Antonio Monroig made any request of his sister.

The defenses of Agustina Monroig Obrador were substantially that the note made by her mother to her brother was a mere simulation without any consideration therefor, inasmuch as said Josefa C. Widow of Monroig did not receive

from the complainant, nor from any other person any value for the note and that the said document was always considered to be null and void by the parties.

At the trial the complainant, Antonio Monroig, who was the·sole witness, testified, among other things, that he had loaned the money to his mother, then rested his case.

The defendant gave evidence tending to show that the parties agreed upon a partition of the estate without any mention being made of the promissory note, the object of this suit. However, evidence was adduced at the trial which the court believed, that Antonio Monroig, in conjunction with some or all of the other heirs, presented this note as a deduction to be made from the amount of the assets belonging to their deceased mother. This was clearly done whether Agustina Monroig Obrador was entirely conscious of it or not. The testimony of Dr. López Antongiorgi, with the original statements of plaintiff, in our opinion, made out a complete cause for plaintiff. The District Court of Bayamón rendered judgment for him.

On appeal three errors are assigned as follows:

"1.—The District Court of San Juan erred in overruling the demurrer to the complaint.

"2.—The district court committed error in rendering judgment holding good the complaint.

"3.—The district court committed error in imposing costs on the defendant."

 One of the grounds of the demurrer was that the promissory note was presumably commercial and therefore the action had prescribed. On appeal, among other things, the appellant relies on the case of *Barros* v. *Padial*, 35 P.R.R. 237. The appellee answers by saying that prescription is a matter of personal privilege and was abandoned by the defendant in her answer, and otherwise attempts to reply; that after a full hearing it was shown that the promissory note was not commercial; that it was just a loan from the son to his mother. We agree that the note was not com-

mercial, and also that the complaint could have been amended to show the non-commercial nature of the note.

In addition to this, the assignment of error was plainly insufficient especially in not saying that the appellant was relying on a matter of prescription.

■ The second assignment of error is likewise insufficient and we shall discuss it only to the extent of saying that the district court was quite justified from the evidence in believing that Antonio Monroig loaned his mother the amount of the promissory note described in the complaint and that she never paid him back.

It is true that the mother of the heirs involved in this case was a woman of means and received property, a single piece of which was worth $200,000, lived well and owned an automobile, etc.; that her son owed her $2,000 at one time, but the purpose for which she borrowed the amount was not disclosed and as the son, on the witness stand, very well said, a person well-to-do at times finds it convenient to borrow money. The plaintiff made out a *prima facie* case, which we do not find was sufficiently controverted by the defendant.

We find no adequate reason for overruling the finding of costs made by the court below.

The judgment appealed from should be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.